## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

WANDA FAYE JONES,          )
KELLY DORRIS PENDERGRASS, and  )
TIFFANY SHEA JONES,        )
                      )
    **Plaintiffs,**        )
                      )    No. _____
**vs.**                     )
                      )    Judge _____
**ELITE EMERGENCY SERVICES, LLC, and** )
**SAMUEL C. CLEMMONS, and**    )
**SHANNON CLEMMONS, Individually and** )    **JURY DEMAND**
**d/b/a Elite Emergency Services, LLC,**  )
                      )
    **Defendants.**       )

## COMPLAINT

Come now the Plaintiffs, adult residents of Robertson County, Tennessee, and bring this Complaint on behalf of themselves pursuant to the Fair Labor Standards Act (hereinafter the "FLSA") and for other stated related causes of action, and for such cases of action, Plaintiffs state as follows:

1.    Defendant Elite Emergency Services, LLC ("Elite") is a Tennessee limited liability corporation. Its registered agent for service of process is Samuel C. Clemmons, 321 Billingsly Court, Suite 9, Franklin, TN 37067-6445.

2.    Upon information and belief, Defendant is under the common ownership and control of Samuel C. and Shannon Clemmons.

3.    Defendants Samuel C. Clemmons and Shannon Clemmons, individually and d/b/a Elite Emergency Services, LLC, are principal owners and/or members of Defendants, who share operational control of Elite, sufficient to be treated as "employers" within the meaning and intent of the FLSA and so are jointly and severally liable with the Limited Liability Company Defendant for

unpaid wages and overtime under the FLSA. Defendants Samuel C. Clemmons and Shannon Clemmons may be served with process at 321 Billingsley Court, Suite 9, Franklin, TN 37067-6445, or at 304 Haddon Ct, Franklin, TN 37067.

4.      Through assignments by Defendants, Plaintiffs, who are clerical workers in the State of Tennessee, provided billing services, etc. to Defendants and their clients in various counties in Tennessee, including, but not limited to, Davidson and Robertson Counties.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* Further, supplemental jurisdiction for the state-related claims are conferred upon this Court by 29 U.S.C. § 2617(a). Venue of this action is proper pursuant to 28 U.S.C. § 1391.

6.      At all times material to this action, Defendant Elite was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

7.      Plaintiffs were employed by Defendants within the last three (3) years before the filing of this lawsuit.

8.      While Plaintiffs worked for Defendants, Defendants were "Employers" of Plaintiffs as defined by 29 U.S.C. § 203, *et seq.*, of the FLSA.

9.      While Plaintiffs worked for Defendants, Plaintiffs were "employees" of Defendants, as may be applicable, as defined by 29 U.S.C. § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

10.     The services Plaintiffs rendered to and/or on behalf of Defendants was a necessary and integral part of and essential to the operations of Defendants' business.

11.     Plaintiffs were not employed by Defendants in an executive or administrative position, nor was any Plaintiff subject to any collective bargaining agreement.

12. Plaintiffs performed the tasks of non-exempt employees of Defendants, and were provided office supplies, equipment such as computers, etc., with which to perform their daily tasks. Their work schedules were set by Defendants for Monday through Friday; however, Plaintiffs worked on weekends and nights when necessary. Plaintiffs worked out of their respective homes for the benefit of Defendants.

13. Plaintiffs were misclassified as independent contractors by Defendants.

14. The overtime wage provisions of the FLSA set forth in 28 U.S.C. §§ 206 and 207 apply to Defendants and, accordingly, Defendants are required to pay Plaintiffs overtime wages at a rate of one and one-half (1½) times Plaintiffs' hourly rate of pay applicable for the time and shift hours worked over forty (40) per week.

15. Defendants, however, failed and refused to pay Plaintiffs overtime wages for all hours Plaintiffs worked over forty (40) hours per week.

16. The actions of Defendants were intentional and in knowing violation of the law, and Defendants continually failed to pay overtime to Plaintiffs.

17. Defendants' violations of 28 U.S.C. § 207 were deliberate, willful and not in good faith.

18. Pursuant to 28 U.S.C. § 216(b), Plaintiffs are entitled to a judgment for the uncompensated overtime wages, an amount to be calculated, plus an additional equal amount as liquidated damages, prejudgment interest, attorney fees and litigation expenses and costs.

19. Defendants improperly classified Plaintiffs as independent contractors and, as a result, Defendants failed to pay its employers' share of the Federal Insurance Contribution Act ("FICA") taxes on Plaintiffs' gross wages and, accordingly, Plaintiffs were required to pay same.

20. By Defendants' failure and refusal to pay their employers' share of FICA on behalf of Plaintiffs, Defendants were unjustly enriched.

21.     By Defendants' failure and refusal to pay its employer's share of FICA on behalf of Plaintiffs, it exercised dominion over and appropriated such funds for their own use and benefit, thereby depriving Plaintiffs of the rights and benefits thereto.  Accordingly, Defendants are guilty of conversion.  As a proximate result of Defendants' conduct, as alleged herein, Plaintiffs suffered damages and are entitled to an award of compensatory and consequential damages, including, but not limited to, an amount equal to Defendants' employer's share of Plaintiffs' FICA taxes that Defendants failed to pay from the initial date of Plaintiffs' employment through to the final date of Plaintiff's employment.

22.     Defendants' conversion, as alleged herein, was intentional, willful, oppressive, reckless and calculated to cause Plaintiffs to suffer injuries or accomplished with a deliberate indifference to the injuries that Plaintiffs would suffer and, accordingly, Plaintiffs are entitled to an award of punitive damages in order to deter Defendants from repeating said conduct.

23.     That, to the extent necessary to achieve justice, the veils of the Defendant Limited Liability Company should be pierced and the Defendants named herein should be found liable under common law theories for all common law torts.

**WHEREFORE**, Plaintiffs pray for the following relief:

(a)     Plaintiffs be awarded damages in the amount of their uncompensated overtime wages, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b );

(b)     Plaintiffs be awarded punitive damages in the amount of $1,000,000.00 and other compensatory and consequential damages;

(c)     Plaintiffs be awarded reasonable attorney's fees;

(d)     Plaintiffs be awarded costs and expenses of this action;

(e)     Plaintiffs be awarded prejudgment interest;

- 4 -

(f)     Plaintiffs be awarded an amount equal to 7.65% of their gross wages for Defendants' failure to pay its employer's share of FICA;

(g)     Plaintiffs be granted such other and further general and/or special legal and/or equitable relief to which they may be entitled or the Court deems proper; and

(h)     That Plaintiffs demand a jury for the trial of this cause.

Dated this 23rd day of February 2010.

Respectfully submitted,

Trevor W. Howell, Esq.

By: _____

Trevor W. Howell, #9496
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
thowell@gsrm.com

*Attorney for Plaintiffs*

- 5 -