IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WANDA FAYE JONES, ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-0203 |
| vs. ) | |
| ) | Judge Nixon |
| ELITE EMERGENCY SERVICES, LLC, and ) | |
| SAMUEL C. CLEMMONS, and ) | JURY DEMAND |
| SHANNON CLEMMONS, Individually and ) | |
| d/b/a Elite Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
AND REQUEST FOR EXPEDITED DETERMINATION**

Come now Plaintiffs, Wanda Faye Jones, Tiffany Shea Jones, and Kelly Dorris Pendergrass, (Collectively "Plaintiffs"), by and through counsel, and respectfully file this Reply to Defendants' Response in Opposition to Plaintiffs' Motion to Strike and Request for Expedited Determination. In support of this Reply, Plaintiffs would state the following:

1. Plaintiffs acknowledge Defendants' representations that Brenda Nesmith and Johnny Nesmith filed for divorce and that there was a contentious and/or strained relationship between Defendants Samuel Clemmons, Shannon Clemmons, Brenda Nesmith, and Johnny Nesmith. It is also acknowledged that the rocky relationship between Defendant Elite's present and past officers/owners (Samuel Clemmons, Shannon Clemmons, Johnny Nesmith, and Brenda Nesmith) allegedly led to the unauthorized removal of at least two (2) boxes of documents pertinent to this litigation from Defendant Elite's premises.

2. Defendants boldly contend that they had "no fault" in creating the circumstances and that Plaintiffs should bear the burden of the consequences. It is Plaintiffs' position, however, that Plaintiffs should not be penalized because of the conduct of Defendant Elite's past and present officers and owners. Plaintiffs had nothing to do with the two (2) boxes of documents which were intentionally withheld and now are being used against them.

3. Defendants aver that they did not know of the documents because Johnny Nesmith, a former owner and officer of Defendant Elite, had removed the documents to another state. They contend they were unaware of the existence of said documents which they have ultimately used in support of their pending Motion for Summary Judgment against Plaintiffs.

4. Plaintiffs relied upon Defendants' representations that all documents and/or information relative to the pending litigation had been produced.

5. Defendants never issued a subpoena to Johnny Nesmith for the records discussed herein due to their alleged lack of knowledge of the records and because Johnny Nesmith stated that he had no information to provide relating to the case. Plaintiffs withdrew their subpoena for Johnny Nesmith's deposition because of the representations made by Johnny Nesmith and Defendants.

6. Defendants have produced some documents out of the two (2) boxes to support their Motions for Summary Judgment and Responses against Plaintiffs.[1]

7. Defendants contend that discovery relative to the documents in the **two (2) boxes of records** should take only one (1) day. Plaintiffs believe this to be very unlikely, if not impossible. To issue written discovery requests, subpoenas, arrange mutually agreeable deposition dates with

---

[1] Defendants produced only one hundred fifty two (152) pages out of the two (2) boxes. One hundred fifty two (152) pages will not fill two (2) boxes. Accordingly, Plaintiffs question whether Defendants have failed to produce the other documents contained in the two (2) boxes and whether they may be relevant to Plaintiffs' case. Plaintiffs are entitled to review all of the documents in the two (2) boxes pursuant to the Case Management Order and the Federal Rules of Civil Procedure. These documents may very well assist Plaintiffs in prosecuting their claims against Defendants. Plaintiffs simply do not know because the balance of the documents have not been produced or even discussed.

counsel, deponents and Plaintiffs, not to mention to prepare for and conduct at least four (4) discovery depositions, if not more, will take much longer than one (1) day.

8.  Plaintiffs' counsel relied upon the Case Management Order in the instant case to schedule deadlines in other litigation/matters for which he is responsible and to set his family vacation time in August.

Based on the foregoing, Plaintiffs renew their previously-filed Motion to grant their Motion to Strike the Defendants' use of certain documents referenced in their filed Motions for Summary Judgment (Docs. 38-46), their supporting documents (Docs. 47-69) and/or referenced in any other documents they have filed in this litigation.

If the Court does not grant Plaintiffs' Motion to Strike and finds that the use of the records would not prejudice Plaintiffs, Plaintiffs would ask the Court to Modify the Case Management Order to allow sufficient time for Plaintiffs to competently conduct discovery. Moreover, based on the foregoing reasons, Plaintiffs would ask the Court to provide through September 15, 2013, for both written and deposition discovery to be completed, and that Defendants produce to Plaintiffs the two (2) boxes of documents referenced herein in their entirety within five (5) days from the Court's Order requiring same. Plaintiffs would request to the extent possible that the trial date not be continued as it would be prejudicial to the Plaintiffs.

Respectfully submitted,

*/s/ Trevor W. Howell*
Trevor W. Howell, #9496
Attorney at Law
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
(615) 244-4994 (O)
thowell@gsrm.com

Jason I. Coleman, #031434
Mays & Kerr, LLC
144 2nd Avenue North, Suite 205
Nashville, TN 37201
Jason@maysandkerr.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2013, a copy of the foregoing ***Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Motion to Strike and Request for Expedited Determination*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Trevor W. Howell, Esq.<br>The Pinnacle at Symphony Place<br>150 Third Avenue South, 17th Floor<br>Nashville, TN 37201<br>thowell@gsrm.com | Joshua L. Hunter, Esq.<br>104 Clydelan Court<br>Nashville, TN 37205<br>joshualewishunter@gmail.com |
| Jason I. Coleman, Esq.<br>Mays & Kerr, LLC<br>144 2nd Avenue North, Suite 205<br>Nashville, TN 37201<br>Jason@maysandkerr.com | Michael L. Russell, Esq.<br>Gilbert, Russell, McWherter, PLC<br>5409 Maryland Way, Suite 150<br>Brentwood, TN 37027<br>mrussell@gilbertfirm.com |

              */s/ Trevor W. Howell*