IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WANDA FAYE JONES ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO: 3:12 - 0203 |
| vs. ) | |
| ) | |
| ELITE EMERGENCY SERVICES, LLC, and ) | JURY DEMAND |
| SAMUEL C. CLEMMONS, and ) | |
| SHANNON CLEMMONS, Individually and ) | |
| d/b/a Elite Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' TIFFANY SHEA JONES AND KELLY DORRIS PENDERGRASS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Comes now Defendants Elite Emergency Services, LLC ("Defendant Elite"), Samuel Clemmons ("Defendant Sam"), and Shannon Clemmons ("Defendant Shannon") ("Defendants"), by and through counsel, and submits this Reply to Plaintiffs' Tiffany Shea Jones and Kelly Dorris Pendergrass' Response to Defendants Motion for Summary Judgment. In support of this Reply, Defendants state the following:

1. Plaintiffs assert Defendants misclassified them during 2009 and 2010 [Complaint, ¶ 13]. Plaintiffs state it is irrelevant that Defendants argue they did not interview Plaintiffs Tiffany and Kelly, they did not meet Plaintiff Kelly for over a year after she was hired, Plaintiff Wanda signed Plaintiffs' work for hire agreements, and they did not communicate with Plaintiffs Tiffany or Kelly prior to January 1, 2011. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 7). Plaintiffs are mistaken. Defendants' assertions show there was no relationship between them and Plaintiffs Tiffany and Kelly prior to January 1, 2011. [**Ex. H** Page 13 Lines 6-20; **Ex. I** Page 19 Lines 6-8; **Ex. D, Ex. E**]. Plaintiffs Kelly and Tiffany signed work for hire agreements with Plaintiff Wanda. [**Ex. D, Ex. E**]. In reality, the permanency of a working relationship existed between Plaintiffs Tiffany and Kelly and Plaintiff Wanda.

2. Plaintiffs argue that "Defendants provide no factual basis for their naked assertion about the skills required for medical billing", yet Plaintiffs admitted in their depositions that medical billing and

1

coding requires a degree of skill to perform correctly. [(Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 8); **Ex. H** Page 8 Lines 4-12; **Ex. I** Page 11 Lines 18-24; **Ex. J** Page 12 Lines 2-5].

    3.    Plaintiffs assert they "relied on Defendants for work and did not seek their own projects". (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 8). The question is not whether they relied on the Defendants for work and did not seek their own projects, rather, it is "whether they have the skills to seek out there own projects". *Wilson v. Guardian Angel Nursing, Inc.*, 2008 WL 2944661, at 42 (M.D. Tenn. July 31, 2008). Unlike the nurses in *Wilson*, which depended on a hospital for employment, Plaintiffs' skills allow them to find work on their own accord independent of companies.

    4.    Defendants did provide Plaintiffs with a computer and printer to perform their medical billing duties but this is not a heavy capital investment due to the small amount of money that is necessary to provide those tools. Just as in *Brandel*, the Court should find that "based on the particular facts of the industry at issue, the system . . . eliminates the need for heavy capital investment". *Brandel, supra* at 1118. "While the factor may be important in other contexts . . . it is not determinative of the issue of employment in this case." *Id.* The Court should take note that all materials and tools provided to Plaintiffs served a legitimate business purpose of helping protect Defendant Elite from billing errors/mistakes. (Dec. of Defendant Sam).

    5.    Plaintiffs had an opportunity for profit or loss. Plaintiffs argue that since they were paid a predetermined rate once the work was accepted, they had no ability for profit or loss. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 9-10). This is untrue. Plaintiff Wanda's compensation was five percent (5%) of Defendant Elite's monthly emergency service billing receipts and Plaintiffs Tiffany and Kelly were paid from this percentage. [**Ex. A – Attachments 1, 2, 3 and 4**]. The dollar amounts received for the five percent (5%) base was dependent upon how much Plaintiffs billed in the previous calendar month and the amount of payments Defendants received from those billings. [**Ex. K** Page 50, Lines 19-25, Page 51 Lines 1-9]. Thus, Plaintiffs would be able to gain more profit or suffer a loss based upon the billing volume.

    6.    Defendants had no control over how Plaintiffs' work was performed. The controlling

question is whether Defendants told Plaintiffs' how they were to conduct medical billings. *Crouch v. Guardian Angel Nursing, Inc.*, 2009 U.S. Dist. LEXIS 103832 at 59, 60. The answer is "No". Plaintiffs argue that since they were expected to follow a certain billing process and Defendants provided their work, Defendants controlled them. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 11). The process of medical billing and coding is predetermined and has a natural order. Defendants gave no input. Plaintiffs Kelly and Tiffany acknowledge that they did not take direction from Defendants and Plaintiff Kelly acknowledges that Plaintiff Wanda was her contact person. [**Ex. H** Page 21 Lines 1-11; **Ex. I** Page 36 Lines 16-19].

7. Plaintiffs' argue that the current number of medical billing employees of Defendant Elite is a direct correlation to it being an integral part of Defendant Elite's business. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 11). Defendant Elite's primary business is to provide physician staffing for hospital emergency departments. (Dec. of Defendant Sam). The fact remains that the service Plaintiffs provided merely allowed Defendant Elite to bill in one of several different ways.

8. Plaintiffs were not subjected to long hours at low wages. Plaintiff Kelly's compensation was within the national average medical biller's are paid, Plaintiff Tiffany's compensation was almost double the national average and Plaintiff Wanda's compensation was triple the national average. Furthermore, Plaintiffs could have found similar work elsewhere. (http://www.payscale.com/research/US/Job=Medical_Billing_Specialist/Hourly_Rate).

9. Plaintiffs' claim that Defendants estoppel argument fails since they have not asserted Plaintiffs intentionally falsified their hours. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 13-14). Plaintiffs cite to the *Wilks* opinion, which states a plaintiff is not estopped if she underreported her hours. *Wilks v. Pep Boys,* No. 3:02-0837, 2006 WL 2792218 at 4 (M.D. Tenn. Sept. 26, 2006). "Underreporting hours" is not an issue in the current case; rather, the issue is never reporting hours in any way. Defendants alleged Plaintiff's intentionally falsified their hours by asserting Plaintiffs' worked no overtime. (Dec. of Defendant Sam). This is not a gray issue. Plaintiffs claim they worked 4,868 hours of

3

overtime and Defendants assert Plaintiffs' worked no overtime. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 3).

10. Plaintiff Tiffany allegedly recorded her hours worked on calendars. [**Ex. I** Page 29 Lines 14-21]. Plaintiff Tiffany states that the calendars were not provided in discovery because she misspoke in her deposition about their existence. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg.16). The dialogue in Plaintiff Tiffany's deposition suggests a well thought out plan to record her hours, not a simple misstatement. [**Ex. I** Page 29 Lines 14-25, Page 30 Lines 1-3]

11. Plaintiffs argue that since Defendants possessed Plaintiff Kelly's handwritten hours, they had reason to suspect Plaintiffs worked additional overtime and that Defendants knew that Plaintiffs were working more than forty hours (40) per week without being paid overtime. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 16). The Court cannot draw this inference at summary judgment, especially considering that Plaintiff Kelly's handwritten hours show that she worked no overtime. [**Ex. B – Attachment 3**].

12. Plaintiffs argue that Defendants' failure to comply with the FLSA was willful. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 17). Defendants did not willfully violate the FLSA. Defendants relied upon their counsel in good faith and changed Plaintiffs' employment status upon their counsel's direction. (Dec. of Defendant Sam). Plaintiffs never complained about their classification nor did they ever tell Defendants they were not being compensated for overtime worked. *Id*. Plaintiffs have cited that Defendants stated "it doesn't matter how long you work just as long as you get it done" and "I don't care how long it takes you to do the job, just get it done". (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 17-18). Defendants adamantly deny making these statements at any time. (Dec. of Defendant Sam). Furthermore, the latter statement is inaccurate per the sources Plaintiffs' cited and has been altered for a self-serving purpose. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 19). These sources do not assert that Defendants stated, "I don't care". (Decl. of Plaintiff Tiffany; Decl. of Plaintiff Kelly, ¶ 3).

4

13. Plaintiffs argue that Defendants Sam and Shannon are personally liable for misclassifying Plaintiffs. Defendant Sam is Defendant Elite's chief executive officer. (Dec. of Defendant Sam). His primary duties consist of recruiting hospitals and physicians to staff hospital emergency departments. *Id.* Defendant Sam did not control Plaintiffs' schedules or dictate how their jobs were performed. *Id.* Plaintiffs' claim Defendant Sam "expected Plaintiff's to use Advanced MD". (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 21). This is untrue. Defendant Sam knew nothing about medical billing and Plaintiff Wanda chose to use Advanced MD. [**Ex. L** Page 80 Lines 8-18]. Plaintiffs assert that Defendant Sam decided how much they were paid. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 21). This is false. Brenda Nesmith, Johnny Nesmith and Plaintiff Wanda agreed upon Plaintiffs' compensation rate. [**Ex. L** Page 114, Lines 15-21]. Defendant Shannon did not maintain an office at Defendant Elite's headquarters, was not involved with hiring and firing employees, scheduling, or assigning duties. (Dec. of Defendant Shannon). Defendant Shannon is the Vice President of Defendant Elite, however, she performs no duties. *Id.* Plaintiff Wanda acknowledges that her interactions with Defendant Shannon were personal in nature. [**Ex. J** Page 72 Lines 9-12].

14. Johnny Nesmith was the Director of Operations and owner of Defendant Elite until late 2010. [**Ex. L (**Page 30 Lines 18-20]. He had operational control of Defendant Elite. (Dec. of Defendant Sam). Plaintiff Wanda stated that he delivered work to her and hired her. [**Ex. J** Page 72 Lines 11-12; **Ex. L** Page 37 Lines 4-12]. Plaintiff Tiffany states that he interviewed her for the billing position. [**Ex. I** Page 19 Lines 11-25]. He also helped set Plaintiffs' compensation rate. [**Ex. L** Page 114, Lines 15-21]. If any representative of Defendant Elite were personally liable for alleged violations of the FLSA, it would be Johnny Nesmith.

Based on the foregoing, Defendants ask the Court to GRANT their Motion for Summary Judgment for Plaintiff Tiffany Shea Jones and Plaintiff Kelly Dorris Pendergrass.

Respectfully submitted, this the 9th day of August, 2013.

/s/ Joshua L. Hunter
Joshua L. Hunter    B.P.R No.: 30198

5

104 Clydelan Court
Nashville, TN 37205
Telephone: 615-440-0545
Email:joshualewishunter@gmail.com
*Counsel for Elite Emergency Services, LLC, Samuel C. Clemmons, and Shannon Clemmons*


/s/     Michael Russell
Michael Russell B.P.R No.:  20268
5409 Maryland Way, Suite 150
Brentwood, TN 37027
Telephone: 615-354-1144
*Counsel for Elite Emergency Services, LLC, Samuel C. Clemmons, and Shannon Clemmons*

**Certificate of Service**

I hereby certify that on August 9, 2013, I electronically filed the forgoing "Defendant's Reply to Plaintiff Tiffany Shea Jones and Plaintiff Kelly Dorris Pendergrass' Response to Defendants' Motion for Summary Judgment" with the Clerk of the Court via the Court's CM/ECF.   I also certify that the forgoing document is being served this day on counsel of record for Plaintiffs via the Court's CM/ECF electronic noticing system as follows:


Trevor W. Howell, Esq.
Gullet, Sanford, Robinson & Martin, PLLC
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
*Counsel for Plaintiffs*

Jason I. Coleman, Esq.
Mays & Kerr, LLC
144 2nd Avenue North, Suite 205
Nashville, TN 37201
*Counsel for Plaintiffs*


/s/     Joshua L. Hunter
Joshua L. Hunter


/s/     Michael Russell
Michael Russell

6