IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WANDA FAYE JONES ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO: 3:12 - 0203 |
| vs. ) | |
| ) | |
| ELITE EMERGENCY SERVICES, LLC, and ) | JURY DEMAND |
| SAMUEL C. CLEMMONS, and ) | |
| SHANNON CLEMMONS, Individually and ) | |
| d/b/a Elite Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF WANDA FAYE JONES' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Comes now Defendants Elite Emergency Services, LLC ("Defendant Elite"), Dr. Samuel C. Clemmons, and Shannon Clemmons (collectively "Defendants"), by and through counsel, and respectfully submits this Reply to Plaintiff Wanda Faye Jones' Response to Defendants Motion for Summary Judgment. In support of this Reply, Defendants state the following:

1. For the sake of clarity and brevity, Defendants' incorporate by reference Defendants' Reply to Plaintiff Tiffany and Plaintiff Kelly's Response to Defendants' Motion for Summary Judgment.

2. Plaintiff Wanda had the ability to hire help if she needed and she did so on three different occasions. [**Exhibit L** Page 93 Lines 3-9]. Defendants argue that Plaintiff Wanda hired individuals to help her with Defendants billing, not on behalf of Defendant Elite but on behalf of herself. Her ability to hire affects Plaintiff Wanda's ability for profit or loss since Plaintiff Wanda was paid at a rate of five percent (5%) of all receipts from the amounts billed. [**Exhibit K** Page 50, Lines 19-25, Page 51, 1-9]. The more employees Plaintiff Wanda supervised would lead to more billing opportunities, a larger number of receipts, and a higher amount of pay. [**Exhibit A - Attachment 1**]. Thus, Plaintiff Wanda did have the ability to affect for profit or loss.

1

3. Plaintiff Wanda currently alleges that she misspoke in her deposition when referring to calendars that she kept in an effort to record her time. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 6). The dialogue in Plaintiff Wanda's deposition suggests a well thought out plan to keep her records, not a simple misstatement. [**Exhibit J** Page 42 Line 15-25, Page 43 Line 1-25, Page 44 Line 1-2].

4. Plaintiff Wanda attempts to distract the Court from the heart of the issue by noting that Defendants' citation to an outdated regulation dooms their argument that Plaintiff Wanda was an exempt employee of Defendant Elite. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 7). Even though the citation was outdated, each of the factors in the current test were briefed in Defendants' Motion for Summary Judgment for Plaintiff Wanda and thus, Defendants' argument that Plaintiff Wanda was an exempt employee due to her executive status is alive and well. (Defs. Mem. of Law Pages 13-17). Plaintiff Wanda meets all factors in the current executive exemption test [29 C.F.R. § 541.100 (2013), Defs. Motion for Summary Judgment for Plaintiff Wanda].

5. Plaintiff Wanda alleges that Defendants have "cherry picked" phrases from depositions and that her own citations are more representative to the "overall thrust of the depositions". (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 9). This is simply inaccurate and self-serving. Plaintiff Wanda hired, trained Plaintiff Tiffany and Plaintiff Kelly, supervised/checked Plaintiff Kelly and Plaintiff Tiffany's work, handled grievances for Plaintiff Tiffany and Plaintiff Kelly, and directed how much pay Plaintiff Tiffany and Kelly received from the five percent (5%) base paid to Plaintiff Wanda. [**Exhibit A - Attachment 3; Exhibit H** Page 13 Lines 1-9, Page 18 Lines 7-17; **Exhibit I** Page 18 Lines 21-25, Page 19 Lines 1-3; **Exhibit J** Pages 53 Lines 13-25, Page 54 Lines 14-25, Page 64 Lines 12-15; **Exhibit K** Pages 93 Lines 24-25, Page 94 Lines 1-17].

6. Plaintiff Wanda asserts that she was "merely a central gathering and coordinating place for billing information". (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 11). Plaintiff Wanda hangs her hat on the argument that Plaintiff's Tiffany and Kelly did not think of her as a supervisor and that she never asked to be a member of management. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 11). These arguments hold absolutely no weight as to whether Plaintiff Wanda directed the work of other

employees. The fact of the matter still remains that Plaintiff Wanda directed what work was to be performed by Plaintiff Kelly and Plaintiff Tiffany. [**Exhibit H** Page 21 Lines 1-5].

7. Plaintiff Wanda asserts that she was "a go between" for Plaintiffs Tiffany and Kelly to settle grievances with Defendants. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 11). Plaintiff Wanda disputes that she "handled" Plaintiffs Tiffany and Kelly's grievances. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 11). Plaintiff Wanda cites to the Merriam-Webster Dictionary to show that "handle" means "to deal with". (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 11-12). Whether described as a "go between" or "handling", Plaintiff Wanda "dealt with" grievances for Plaintiff's Kelly and Tiffany. [**Exhibit H** Page 14 Line 12-18, Page 18 Line 7-17; **Exhibit I** Page 18 Line 21-25, Page 19 Line 1-3].

8. Plaintiff Wanda believes that her work as a biller was more important than her role as a manager. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 14). In *Boaz*, the 6th Circuit stated that the plaintiff's subjective belief in an FLSA action was not relevant. (*Boaz v. FedEx Customer Info. Servs.*, 2013 U.S. App. LEXIS 16198 at 9 (6th Cir. Tenn. 2013). Plaintiff Wanda makes much of the alleged number of hours that she worked in showing that her billing duties were more important than her managerial duties. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 14). However, this argument is flawed. First, the hours that Plaintiff Wanda alleges that she worked include the hours that she was performing managerial duties and thus cannot be solely attributed to her billing duties. Also, Plaintiff Wanda could exercise her managerial ability to hire other employees if needed at any time.

9. Plaintiff Wanda was not only relatively free from supervision, but was totally free from supervision. Plaintiff Wanda asserts that because the billing process was "routinized" and Defendants' expected her to perform it in "one fashion", this constitutes supervision. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 15). Plaintiff Wanda acknowledged that the billing process was a natural order, which shows that Defendants could not have controlled the order or process in Which Plaintiffs performed their duties. [**Exhibit J** Pages 50 Lines 21-25, Page 51 Lines 1-10].

10. Plaintiff Wanda argues that since her "salary" was "substantially similar" to the other

3

Plaintiffs, she was not an executive employee. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 15). Plaintiff Wanda is correct in stating that the language in the regulation states that the proper comparison is Plaintiff Wanda's "salary and the wages paid to" Plaintiffs Kelly and Tiffany. 29 C.F.R. § 541.700 (2013). However, Plaintiff Wanda is misguided in her narrow focus on the term "salary". The text of the regulation also uses the phrase "wages paid to" and the term "wage" generally includes all payments made to an employee as remuneration for employment. (29. C.F.R. § 1620.10 (2009)). Thus, all compensation Defendants paid to Plaintiff Wanda should be accounted for in determining the relationship between her salary and the wages paid other employees for the kind of nonexempt work performed by her. As is stated above, that compensation was thirty-three (33%) to sixty (60%) percent higher than any individual performing emergency billing services for the benefit of Defendant Elite.

11. Plaintiff Wanda asserts that she did not direct two full time employees since it is unlikely that Plaintiffs Tiffany and Kelly worked exactly forty (40) hours per week, for the purposes of being full time employees, and Defendants have asserted that they worked no overtime. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 18). Plaintiff Tiffany states that she worked a total of 1,490 hours of overtime from 2009-2011 and Plaintiff Kelly states that she worked a total of 1,140 hours of overtime from 2009-2011. (Pls. Tiffany and Kelly Resp. to Defs. Motion for Summ. Jdg. 16-17). Plaintiffs cannot have it both ways. They are arguing on one hand that they are not the equivalent of a full time employee, yet on the other hand they are claiming thousands of hours of overtime. Furthermore, Defendants have consistently asserted that Plaintiffs worked no overtime but believed them to be working as much as forty hours (40) per week regularly.

12. Plaintiff Wanda interviewed, selected, and hired Plaintiff Tiffany, Plaintiff Kelly and Jessica James. [**Exhibits D, E, and F**]. It is important to note that each Jessica James, Plaintiff Kelly, and Plaintiff Tiffany all had prior relationships with Plaintiff Wanda when they began performing billing services for Defendant Elite. [**Exhibit F; Exhibit H** Page 12 Lines 1-11; **Exhibit I** Page 21 Lines 16-18]. No reasonable juror could find that Defendant Elite just happened to interview and hire family and friends of Plaintiff Wanda without her having any "suggestion or recommendation as to their hiring".

4

13. Plaintiff Wanda is misguided in her argument that the "bonuses" provided to her were discretionary. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 21). The five percent (5%) base Plaintiff Wanda was paid was a nondiscretionary amount. Plaintiff Wanda was paid this percentage and then dictated how much Plaintiffs Tiffany and Kelly were paid. [**Exhibit L** Page 111 Lines 5-21]. Defendants' payment of the five percent (5%) to Plaintiff Wanda was always nondiscretionary; it was a set percentage. [**Exhibit K** Page 50 Lines 21-25, Page 51 Lines 1-9].

14. Plaintiff Wanda argues that the termination agreement she signed forced her to discard any information pertinent to Defendants' business. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 22; Pl. Second Notice of Filing, Ex. 3). While Defendants agree that the termination agreement does state in part that "information related to the business of Defendant Elite should be permanently deleted", this did not instruct or give Plaintiff Wanda the right to throw away property belonging to Defendant Elite. The particular property (computer) was working at the time of Plaintiff Wanda's termination and she admittedly did not have the hard drive erased by a professional. [**Exhibit J** Page 35 Lines 14-25, Page 36 Lines 1-6, Page 109 Lines 17-25, Page 110 Lines 1-25].

15. Defendants argue that they are entitled to an adverse inference as a result of Plaintiff Wanda's failure to disclose documents and an order precluding Plaintiff's use of this evidence at trial. Plaintiff Wanda alleges that she misspoke in her deposition when referring to calendars that she kept in an effort to record her time. (Pl. Wanda Resp. to Defs. Motion for Summ. Jdg. 6). The dialogue in Plaintiff Wanda's deposition suggests a well thought out plan to keep time records, not a simple misstatement. [**Exhibit J** Page 42 Lines 15-25, Page 43 Lines 1-25, Page 44 Lines 1-2]. It seems clear that Plaintiff Wanda kept these records but is withholding those records for an unknown reason.

Based on the foregoing, Defendants ask the Court to GRANT their Motion for Summary Judgment for Plaintiff Wanda Faye Jones.

Respectfully submitted, this the 9th day of August, 2013.

/s/ Joshua L. Hunter
Joshua L. Hunter    B.P.R No.: 30198

5

104 Clydelan Court
Nashville, TN 37205
Telephone: 615-440-0545
Email:joshualewishunter@gmail.com
*Counsel for Elite Emergency Services, LLC, Samuel C. Clemmons, and Shannon Clemmons*

/s/    Michael Russell
Michael Russell B.P.R No.:  20268
5409 Maryland Way, Suite 150
Brentwood, TN 37027
Telephone: 615-354-1144
*Counsel for Elite Emergency Services, LLC, Samuel C. Clemmons, and Shannon Clemmons*

**Certificate of Service**

I hereby certify that on August 9, 2013, I electronically filed the forgoing "Defendant's Reply to Plaintiff Wanda Faye Jones' Response to Defendants' Motion for Summary Judgment" with the Clerk of the Court via the Court's CM/ECF.   I also certify that the forgoing document is being served this day on counsel of record for Plaintiffs via the Court's CM/ECF electronic noticing system as follows:

Trevor W. Howell, Esq.
Gullet, Sanford, Robinson & Martin, PLLC
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
*Counsel for Plaintiffs*

Jason I. Coleman, Esq.
Mays & Kerr, LLC
144 2nd Avenue North, Suite 205
Nashville, TN 37201
*Counsel for Plaintiffs*

/s/    Joshua L. Hunter
Joshua L. Hunter

/s/    Michael Russell
Michael Russell

6