# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **WANDA FAYE JONES,** | ) | |
| **KELLY DORRIS PENDERGRASS, and** | ) | |
| **TIFFANY SHEA JONES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:12-cv-0203** |
| | ) | **JUDGE NIXON / KNOWLES** |
| **ELITE EMERGENCY SERVICES, LLC, and** | ) | |
| **SAMUEL C. CLEMMONS, and** | ) | |
| **SHANNON CLEMMONS, Individually and** | ) | |
| **d/b/a Elite Emergency Services, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon three identical Motions "For Leave to File Amended Answer," filed on May 3, 2013, by Defendants Samuel C. Clemens, Shannon Clemens, and Elite Emergency Services, LLC. Docket Nos. 30-32. Defendants have attached a proposed "Second Amended Answer" to each of these Motions.[1] *Id.*

Plaintiffs have filed Responses in Opposition to the Motions. Docket Nos. 34-36.

Plaintiffs, residents of Robertson County, Tennessee, filed this *pro se* action against Defendants Samuel C. Clemmons, Shannon Clemmons, and Elite Emergency Services, LLC (hereinafter "Elite") pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.* and 29 U.S.C. § 2617(a). Docket No. 1. Specifically, Plaintiffs aver that while

---

[1] While the three Defendants individually submitted their Motions to Amend and proposed Second Amended Answers, these documents are identical and the Court will consider them together.

they were employed by Defendants, Defendants failed to pay them overtime wages by

improperly classifying them as independent contractors. *Id.* Plaintiffs further aver that, as a

result of this improper classification, Defendants failed to pay the employers' share of the

Federal Insurance Contribution Act ("FICA") taxes, and, accordingly, were unjustly enriched.

*Id.* Finally, Plaintiffs aver that Defendants "exercised dominion over and appropriated such

funds for their own use and benefit, depriving Plaintiffs of the rights and benefits thereto." *Id.*

Plaintiffs argue that this behavior constitutes conversion. *Id.*

Defendants' Motions to Amend the Answer, filed May 3, 2013, request permission to

amend their Answers in order to assert the affirmative defense that "[a]ny recovery of Plaintiffs

Wanda Faye Jones, Tiffany Shea Jones, and Kelly Doris Pendergrass is barred due to Defendants

acting in good faith in accordance with the Fair Labor Standards Act codified in 29 U.S.C.

§ 260." Docket No. 30-32. Defendants argue that they filed the instant Motion without undue

delay and that leave to amend their Answers will not result in any prejudice to Plaintiff Wanda

Faye Jones. *Id.* Defendants further argue that Rule 15(a)(2) of the Federal Rules of Civil

Procedure provides for liberal amendment when justice so requires. *Id.*

Plaintiffs respond that the Case Management Order states that no amendments to the

pleadings shall take place after August 30, 2013.[2] Docket No. 34. Plaintiffs argue that

Defendants were aware of the procedures and deadlines for filing a motion to amend when they

---

[2] In their Responses, Plaintiffs allege that the Case Management Order states that any motions to amend the pleadings shall be filed by April 30, 2012. Docket Nos. 34-36. In fact, Judge Nixon's April 30, 2012 Order specifies that the deadline for motions to amend the pleadings was August 30, 2012. Docket No. 18. Plaintiffs' statement that Defendants "timely filed their First Amended Answers [Doc. 25, 26, 27] on August 6, 2012, in accordance with the Case Management Order deadline" is consistent with the correct August 30, 2012 deadline.

2

timely filed their First Amended Answers on August 6, 2012. *Id.*, *citing* Docket Nos. 25, 26, 27. Plaintiffs further contend that they will be prejudiced if Defendants are allowed to now amend their Answers because they have relied on Defendants' stated affirmative defenses which did not contain the "good faith" defense. Docket Nos. 34-36. Plaintiffs argue that they would need additional discovery to fully explore the contention of Defendants' "good faith" defense, but also note that "[t]he discovery deadline of January 13, 2013 has long passed." *Id.* Finally, Plaintiffs maintain that reopening discovery would further prejudice Plaintiffs from a cost perspective and cause the delay of the dispositive motion deadline and trial date. *Id.*

Defendants correctly note that Rule 15(a) of the Federal Rules of Civil Procedure supports a liberal policy for amendments to pleadings. Fed. R. Civ. P. 15(a) provides in relevant part:

> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 16(b)(4) of the Federal Rules of Civil Procedure, however, provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Sixth Circuit has articulated several factors to be consider in determining whether the Court should give a party leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiency by previous amendments, undue prejudice to the opposing party, and futility of amendments are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should

3

be granted.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).  The Sixth Circuit has also

noted that "[w]hen amendment is sought at a late stage in the litigation, there is an increased

burden to show justification for failing to move earlier." *Id.* at 459.

　　As an initial matter, Defendants' Motions are unduly delayed. The Court's Case

Management Order of April 30, 2012 (Docket No. 18), and Order of November 12, 2012

(Docket No. 27), set and reconfirmed an August 30, 2012 deadline for all motions to amend

pleadings. The instant Motions (Docket Nos. 30-32) were filed eight months after the Court's

deadline, and are therefore unduly delayed.

　　Additionally, granting Defendants' Motions would result in substantial prejudice to

Plaintiffs.  Plaintiffs argue that they have relied on Defendants' stated affirmative defenses in

conducting discovery and in preparing for litigation.  Docket Nos. 34-36.  Plaintiffs also

maintain that reopening discovery would be prejudicial from a cost perspective and create

difficulties in scheduling depositions and issuing interrogatories before the dispositive motion

deadline.  *Id.*  Plaintiffs further contend that granting Defendants' Motions to Amend would

most likely cause a continuance of the discovery deadline, thereby delaying the dispositive

motion deadline and the trial date.  *Id.*

　　Finally, Defendants have failed to demonstrate good cause for failing to file their

Motions to Amend before the deadline set by the Court's Case Management Order.  In fact,

Defendants have failed to state any reason whatsoever for the delay in filing their Motions to

Amend.  *Id.*

　　For the foregoing reasons, the undersigned recommends that Defendants' Motions for

4

leave to file Amended Answers be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

5