IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WANDA FAYE JONES, | ) | |
| KELLY DORRIS PENDERGRASS, and | ) | |
| TIFFANY SHEA JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:12-cv-0203 |
| | ) | |
| vs. | ) | Judge John T. Nixon |
| | ) | |
| ELITE EMERGENCY SERVICES, LLC, and | ) | Magistrate Judge Knowles |
| SAMUEL C. CLEMMONS, and | ) | |
| SHANNON CLEMMONS, Individually and | ) | JURY DEMAND |
| d/b/a Elite Emergency Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS**

Pursuant to the Federal Rules of Civil Procedure and this Court's Order entered August 18, 2014 (Doc. 151) granting Plaintiffs' Request for Leave to File a Reply in Support of Their Motion for Entry of Final Judgment Against Defendants, Plaintiffs respectfully file this Reply for the Court's consideration and action.

Plaintiffs respectfully submit that the legal issue pending before this Court has nothing to do with a forum selection clause, but specifically deals with this United States District Court's inherent authority to enforce its own orders. To assist the Court in understanding what has transpired and what is attempting to be done by Defendants in this case, Plaintiffs set forth below the sequential facts as they relate to Plaintiffs' Motion for Entry of Final Judgment.

- 1 -

## PERTINENT PROCEDURAL AND BACKGROUND FACTS

1. Plaintiffs filed their Complaint (Doc. 1) based on a violation of the Fair Labor Standards Act in the United States District Court for the Middle District of Tennessee on February 23, 2012 (Doc. 1);

2. After full discovery and depositions had been completed, the Court, in response to the parties' request, ordered a settlement conference which was conducted by Magistrate Judge Griffin (Doc. 29) on April 9, 2013;

3. The settlement conference was unsuccessful and the parties filed Cross Motions for Summary Judgment (Defendants' Docs. 38-55 and Plaintiffs' Docs. 83-99);

4. Defendants requested Plaintiffs to enter into a second mediation before a private mediator and such was held on or about September 19, 2013;

5. On September 26, 2013, a Joint Notice of Settlement and Motion to Transfer Case to the Administrative Docket (Doc. 130) was filed because a settlement was achieved pursuant to the mediation. As a result of the settlement, the trial date of November 19, 2013, was given up and the Cross Motions for Summary Judgment were held in abeyance;

6. The mediator filed a report with the Court (Doc. 132) on October 23, 2013;

7. On December 17, 2013, Plaintiffs filed an Unopposed Motion for Approval of the Parties' Settlement and for Leave to File Settlement Agreement Under Seal (Doc. 136). The actual written Settlement Agreement between the Plaintiffs and the Defendants was filed contemporaneously with the Motion under seal (Doc. 137);

8. On December 18, 2013, the Court entered its Order approving the parties' settlement, except that this Court retained jurisdiction. Accordingly, the Court gave notice to the parties that the case would be dismissed with prejudice only upon the satisfaction of the Agreement (Doc. 138);

9.  In follow up, and to clarify, Judge John T. Nixon, Senior Judge, United States District Court, entered an Order stating that the action shall not be dismissed until the Court received notice from Plaintiffs that Defendants had made all payments due under the Settlement Agreement. The Court set forth that it specifically retained jurisdiction over the case (Doc. 140). The Court's explicit retention of jurisdiction implicitly rejected paragraph 11 of the Settlement Agreement by which Defendants hoped to avoid jurisdiction of this Court to enforce the Court's own order;

10. Defendants did not even make the first payment after the Court's Order which was to be made thirty (30) days after entry of the Court's Order. Defendants totally defaulted on the Settlement Agreement approved by this Court as the last monetary obligation of Defendants due July 18, 2014, was not satisfied;

11. On July 31, 2014, based on Defendants' failure to make any of the payments due under the Settlement Agreement and because no other issues existed, Plaintiffs filed their pending Motion for Entry of Final Judgment Against Defendants;

12. On August 13, 2014, Defendants filed their Opposition to Plaintiffs' Motion for Entry of Final Judgment relying only on the forum selection clause found in the Settlement Agreement. It is now apparent that this clause was inserted by Defendants knowing they had no intention to honor the settlement and were hoping to avoid this Court's jurisdictional authority to enforce its own order. The forum selection clause setting forth the venue for settling disputes as the Chancery Court of Davidson County, Tennessee, was implicitly disproved by this Court's explicit retention of jurisdiction.

It is important for the Court to realize the sequence of events leading up to Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment and the motivation behind their insistence that the Chancery Court of Davidson County, Tennessee, be the Court where this matter is decided.

- 3 -
Case 3:12-cv-00203   Document 152   Filed 08/28/14   Page 3 of 10 PageID #: 2149

## FACTS LEADING UP TO DEFENDANTS' REFUSAL TO OBEY COURT'S ORDER REGARDING PAYMENT REQUIRED IN SETTLEMENT AGREEMENT

13. After the unsuccessful settlement conference with Magistrate Judge Juliet Griffin and due to the impending Cross Summary Judgment Motions, not to mention the quickly approaching trial date of November 19, 2013, Defendants requested that the Plaintiffs enter into a mediation before a private mediator to which Plaintiffs agreed;

14. As a result of the private mediation, the parties entered into a Memorandum of Understanding which set forth the basic settlement terms. The parties acknowledged that a more formal settlement agreement would be entered into and filed with the Court for approval;

15. A more formal settlement agreement was entered into by the parties on November 21, 2013. Contained in the Settlement Agreement was paragraph 11 which provided that the venue would be the Chancery Court of Davidson County, Tennessee. This term was not contained in the original Memorandum of Understanding, but was inserted at this later date. It is now evident that Defendants inserted this venue provision in an attempt to later avoid the jurisdiction of this Court as it was Defendants' plan and design never to pay one cent of the agreed-upon settlement amount.

16. Not only is the refusal to pay the Plaintiffs pursuant to the settlement bad faith, it is part of a plan and design to retaliate against the Plaintiffs for exercising their legal rights to file this lawsuit and to enforce the Settlement Agreement filed and approved by this Court. Moreover, the Defendants' total default has a chilling effect on the Company's present employees and clearly sends a message to them that there is no use to exercise their legal rights because nothing will happen.

17. On March 5, 2014, the undersigned received a letter from Attorney Brandy Murphy Lee, who was not an attorney of record in this case at that time. She threatened to sue the Plaintiffs and their legal counsel if the Plaintiffs proceeded with the collection of the settlement related to the Plaintiffs' FLSA claims. In her letter, Attorney Lee threatened to file suit pursuant to a baseless conversion theory. (See Ms. Lee's March 5, 2014, letter attached as **Exhibit "A"**.) Any and all

information which Attorney Lee contended had not been delivered to Defendants had been, and she and all other attorneys involved with this lawsuit have been made aware of this fact;

18. On July 31, 2014, after each of the seven (7) payments due under the Settlement Agreement had not been paid, Plaintiffs' counsel responded to Attorney Lee and apprised her that the threatened conversion lawsuit was baseless and, if filed, would clearly be in retaliation for the Plaintiffs exercise of their legal rights under the Fair Labor Standards Act. (See July 31, 2014, letter attached as **Exhibit "B"**);

19. Contemporaneous with the Thursday, July 31, 2014, letter to Attorney Lee, Plaintiffs filed with the Middle District their Motion for the Entry of Final Judgment in order to have the Settlement Agreement enforced;

20. After one (1) business day had passed, on the next Monday, August 4, 2014, Defendants carried out their threat of retaliation contained in Ms. Lee's March 5, 2014, letter by filing a Complaint against the Plaintiffs and others in the Circuit Court of Williamson County, at Franklin, Tennessee. (See Williamson County Complaint attached as **Exhibit "C"**);

21. Although Ms. Lee is not an attorney of record in the Williamson County action, she is now involved with this matter as a Motion to Practice *Pro Hac Vice* on her behalf was filed in this case to admit her to participate as an attorney in the pending matter before this Court;

22. On August 13, 2014, Defendants, represented by Attorneys Brandy Murphy Lee and Brice Johnston (*pro hac vice* admissions pending), continued their intentional retaliation against Plaintiffs by filing an Opposition to Plaintiffs' Motion for Entry of Final Judgment. Although fully aware that the Court had entered an Order retaining jurisdiction over the enforcement of the settlement, Defendants boldly assert that this Court does not have jurisdiction over this matter and the case should be transferred to the Tennessee Chancery Court of Davidson County. Defendants entered the Settlement Agreement in bad faith, never intending to honor its terms or payment schedule, and intentionally inserted the jurisdictional provision in an attempt to evade this Court's

- 5 -
Case 3:12-cv-00203   Document 152   Filed 08/28/14   Page 5 of 10 PageID #: 2151

natural inherent jurisdictional authority, even though the Court has explicitly retained jurisdiction over the enforcement of this Settlement Agreement by its own Order (Doc. 140).

## LAW

23. This Court could not have intended to relinquish its authority over the case as it specifically retained jurisdiction in its Order (Doc. 140). Accordingly, paragraph 11 was not approved as part of the settlement by this Court to the extent that it removes the authority of the Court and is, therefore, inapplicable. Moreover, the venue paragraph relative to the Chancery Court of Tennessee was inserted in bad faith in that it was totally inconsistent with one of the Defendants' proffered reasons for entering into the Settlement Agreement in the first place: "to avoid any further costs and fees of litigation" (paragraph 1, Settlement Agreement, (Doc. 137). Clearly, to initiate a new lawsuit in the Tennessee Chancery Court as Defendants seek here to do is not to avoid legal fees, but to cause Plaintiffs to incur additional legal fees and months of unnecessary litigation which the Plaintiffs will be forced to endure. This maneuver is clearly made in bad faith for the purpose of retaliating against the three (3) individual Plaintiffs. Lastly, to initiate new litigation over the Settlement Agreement would result in a judgment only enforceable in the State of Tennessee. This was just one more planned obstacle to prevent or delay Plaintiffs from enforcing the settlement which Defendants had no intention to honor.

Based on the foregoing, it is clear that Defendants entered into the Settlement Agreement with the Plaintiffs to settle their Fair Labor Standards Act claims in bad faith, never intending to honor the payment. Defendants have not paid any of the amounts they agreed to and are now in total default. This bad faith was continued when Attorney Lee sent a letter dated March 5, 2014, to the Plaintiffs' attorney threatening his clients and him with being personally sued if the Plaintiffs proceeded to enforce their rights under the Settlement Agreement, which is now pending in this Court. Not only did Defendants threaten to retaliate with the filing of a meritless conversion-based

lawsuit, but they actually did it. On August 4, 2014, one (1) business day after Plaintiffs filed their Motion for Entry of Final Judgment, Defendants filed an action against the Plaintiffs in the Circuit Court for Williamson County, Tennessee. (See **Exhibit "C"** attached.) Since February of 2012, Plaintiffs have been entangled with this litigation, and Defendants are now suing Plaintiffs in Williamson County Circuit Court and now threaten to sue them in Davidson County Chancery Court. (See Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment, paragraph 9.) This threat demonstrates the continued vexatious multiplicity of unnecessary litigation and it should be stopped.

Under Tennessee law, contracts that contain a forum selection clause are enforceable if their enforcement is reasonable. *Walker v. Frontier Leasing Corp.,* 2010 Tenn. App. LEXIS 226 (Tenn. Ct. App. March 30, 2010); see, also, *Kampert v. Valley Farmers Coop.,* 2010 Tenn. App. LEXIS 657 (Tenn. Ct. App. October 19, 2010). The Sixth Circuit has held that forum selection clauses are generally upheld **unless** they are unfair or unreasonable. *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 374-75 (6th Cir. 1999). In *Dyersburg Machine Works, Inc. v. Rentenbach Engineering Co.*, 650 S.W.2d 378, 380 (Tenn. 1983), the Supreme Court stated that a forum selection clause should be enforced **unless** the party opposing enforcement demonstrates that it would be unfair and inequitable to do so. The Supreme Court of Tennessee went on to emphasize that the validity of the forum selection clause depends upon whether it is fair and reasonable in light of all of the surrounding circumstances attending its origin and application. *Id.*

Based on the cited law and shocking recited facts relative to the Defendants' actions and motivations, including the refusal to obey the Court's Order, refusal to pay Plaintiffs' settlement proceeds pursuant to the agreement Defendants entered into voluntarily, and the continuous bad faith of Defendants demonstrated by their retaliatory conduct and multiplicity of vexatious litigation, there was no reason that this forum selection clause should have been enforced. In light of the foregoing, there could be nothing reasonable or fair about the upholding of the forum selection clause.

Therefore, this Court's refusal to relinquish its jurisdiction to enforce its own Order has properly prevented Defendants' intended miscarriage of justice.

Based on the abusive and obstructive conduct of Defendants in refusing to obey the Court's Order to satisfy the Settlement Agreement payments, Defendants should be held in contempt of Court. Although contempt proceedings are traditionally classified as civil or criminal, in point of fact, contempt proceedings are neither wholly civil nor criminal in nature and may partake of the characteristics of both. *Baker v. State*, 417 S.W.3d 428 (Tenn. 2013). Civil contempt is remedial in character and is applied when a person refuses or fails to comply with a court order. *Id.* A civil contempt action is brought to force compliance with an order and, thereby, secure private rights established by the order. *Id.* Civil contempt claims based upon alleged willful disobedience of a court order as in the present case have four (4) essential elements: (1) the order alleged to have been violated must be lawful; (2) the order alleged to have been violated must be clear, specific, and unambiguous; (3) the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order; and (4) the violation of the order must have been willful. *Lovelace v. Copley*, 418 S.W.3d 1 (Tenn. 2013). All four (4) elements exist here.

The Settlement Agreement is unambiguous. Defendants agreed to pay Plaintiffs the amounts cited therein. It is simple. There is nothing to decide. Defendants did not pay. Likewise, the Court's Order (Doc. 140) retaining jurisdiction to enforce the Settlement Agreement is unambiguous and should have been obeyed by Defendants instead of Defendants adamantly refusing to obey even after requests had been made by adversary counsel to fulfill their obligations.

The United States District Court for the Middle District of Tennessee, Nashville Division, clearly has the authority to find Defendants in contempt. (See 18 U.S.C. § 401 and Tenn. Code Ann. § 29-9-102.) It may enforce its order by fine or imprisonment if Defendants do not immediately pay the agreed settlement.

Even though Defendants entered into a Settlement Agreement agreeing to pay a fair reasonable settlement in September of 2013, they have yet to obey this Court's Order to pay the Plaintiffs the agreed-upon consideration set out in the Settlement Agreement between the parties. This abusive conduct to the Plaintiffs and this Court is shocking to the conscious of a reasonable person and Defendants should be held in contempt. Accordingly, the Court should grant Plaintiffs' Motion for Entry of Final Judgment (Doc. 143), and affirm that it has complete jurisdiction over the enforcement of this matter. Plaintiffs would further pray for the additional following relief:

1. That Defendants be specifically enjoined from filing any other litigation regarding the terms of this Settlement Agreement;

2. That Defendants be found in contempt of court for their failure to obey an Order of this Court to satisfy the obligations of the Settlement Agreement to which they voluntarily submitted and had approved by this Court;

3. That Defendants have ten (10) days from the date the Court enters its Order to pay the amounts required under the Settlement Agreement with interest computed from the date the Court entered its original Order (Doc. 138), and that if this is not done that they be imprisoned until they do so; and

4. That the Court award attorney's fees pursuant to its discretionary authority.

Respectfully submitted,

*s/ Trevor W. Howell*
Trevor W. Howell, #9496
Attorney at Law
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
(615) 244-4994 (O)
thowell@gsrm.com

John L. Mays, Esq.
Mays & Kerr LLC
235 Peachtree Street NE, No. 202
Atlanta, GA 30303
(404) 410-7998
john@maysandkerr.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2014, a copy of the foregoing *Plaintiffs' Reply in Support of Their Motion for Entry of Final Judgment against Defendants* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Trevor W. Howell, Esq. | Michael L. Russell, Esq. |
| The Pinnacle at Symphony Place | Gilbert, Russell, McWherter, PLC |
| 150 Third Avenue South, 17th Floor | 5409 Maryland Way, Suite 150 |
| Nashville, TN 37201 | Brentwood, TN 37027 |
| thowell@gsrm.com | mrussell@gilbertfirm.com |
| | |
| John L. Mays, Esq. | Joshua L. Hunter, Esq. |
| Mays & Kerr, LLC | 104 Clydelan Court |
| 235 Peachtree Street NE, No. 202 | Nashville, TN 37205 |
| Atlanta, GA 30303 | joshualewishunter@gmail.com |
| (404) 410-7998 | |
| john@maysandkerr.com | |

        *s/ Trevor W. Howell*
        Trevor W. Howell