IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WANDA FAYE JONES, ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:12-cv-0203 |
| ) | |
| vs. ) | Judge Nixon |
| ) | |
| ELITE EMERGENCY SERVICES, LLC, and ) | Magistrate Judge Knowles |
| SAMUEL C. CLEMMONS, and ) | |
| SHANNON CLEMMONS, Individually and ) | JURY DEMAND |
| d/b/a Elite Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AND RESPONSE
TO DEFENDANTS' MOTION FOR COURT TO DECLINE JURISDICTION OF
CLAIMS BROUGHT IN WILLIAMSON COUNTY CIRCUIT COURT OR
IN THE ALTERNATIVE TO ACCEPT JURISDICTION AND ALLOW
THE CLAIMS AS COUNTERCLAIMS AND MEMORANDUM OF LAW**

Pursuant to the Federal Rules of Civil Procedure and this Court's Order entered January 7, 2015 (Doc. 161), granting Plaintiffs' Request for Leave to File a Reply to Defendants' Response to Plaintiffs' Motion for Entry of Final Judgment against Defendants, Plaintiffs respectfully file this Reply and Response for the Court's consideration and action.

In support thereof, Plaintiffs would state the following:

1. Defendants' Response in Opposition is further evidence of Defendants' continued attempts to cloud the issues of this case and mislead the Court.

2. Plaintiffs have <u>not</u> requested this Court to accept supplemental jurisdiction over the claims Defendants filed in Williamson County, Tennessee, Circuit Court as Defendants state

(Doc. 159, p. 2). <u>Defendants</u> are the parties trying to reopen this case to allow those claims that their lawyer's October 2, 2014, e-mail (attached as **"Exhibit "A"**) to counsel clearly admits Defendants' intent to use "offset" against the FLSA settlement approved by this Court that their lawyer admits is owed. Defendants obviously had no intent to honor the Settlement Agreement as shown by their failure to make even the first payment. Defendants want to "reopen" this case to belatedly assert "offset" defenses, but keep the benefit of the low settlement already approved. Such "offset" claims, if they were legitimate, should have been made by affirmative defense or compulsory or permissive counterclaim before the parties participated in a judicial settlement conference, a mediation and the Court approved settlement. To avoid this Court's jurisdiction and attention to their scheme, they tried to bring their actions in Williamson County[1], but their actions were wisely stayed by Judge Woodruff. Defendants are actually now asking this Court for Rule 60 relief to reopen the case, but without mentioning Rule 60 because the time limit for such a motion has expired.

3.     Plaintiffs have also <u>not</u>, as Defendants assert (Doc. 159, p. 2), requested this Court to accept jurisdiction over a Fair Labor Standards Act retaliation case. What Plaintiffs <u>have</u> done is set forth evidence of Defendants' retaliation against Plaintiffs for asserting their legal right to the agreed-upon settlement proceeds in the form of filing inappropriate litigation. Having been stayed from doing so in Williamson County, they now seek to do the same in this Court for the purpose of furthering their bad faith – not to honor the Settlement Agreement and to somehow get something to set off against the settlement they owe Plaintiffs. This intent is clearly admitted in Defendants' attorney's October 2, 2014, e-mail. An action for offset, even if legitimate, should have been filed or asserted as an affirmative defense in the pending action, but it is too late.

---

[1] Defendants brought suit in Williamson County Circuit Court in an attempt to hide their actions from this Court. Defendants, in bad faith, also crafted the jurisdiction provision in the Settlement Agreement to include the Davidson County Chancery Court in an attempt to remove this matter from this Court's authority when the enforcement of the settlement issue undoubtedly arose. However, this Court wisely retained enforcement jurisdiction of the Settlement Agreement. There is simply nothing to be determined about the Settlement Agreement. Defendants have failed to pay the settlement proceeds as agreed and they should be required to do so pursuant to the entered order(s) of this Court.

4. From the beginning, Defendants have demonstrated bad faith and unclean hands. Defendants never intended to honor the Settlement Agreement terms that they agreed to and submitted to this Court for approval. Defendants intended result by requesting mediation which resulted in a settlement was not to comply with its terms, but to have the fast-approaching trial date taken off the docket so that they could escape the inevitable, which is exactly what happened. As further evidence of unclean hands, Defendants inserted a jurisdiction provision in the last draft of the Settlement Agreement setting forth the Chancery Court of Davidson County in an attempt to sidestep and hide from this Court their bad faith intent not to honor the Settlement Agreement. However, there is nothing to decide. This Court rejected that provision and retained jurisdiction to enforce the Settlement Agreement. Now after Defendants carefully-planned scheme has been exposed, they wish to reopen the case which was long ago put on the administrative docket due to the settlement, so that they may untimely file defenses or counterclaims for the purpose of not paying Plaintiffs and causing them to incur more legal fees.

5. Plaintiffs have asked this Court for the following: (1) to enforce the agreed-upon Settlement Agreement approved by this Court, (2) that Defendants be found in contempt of Court for their failure to obey an order of this Court to satisfy the obligations of the Settlement Agreement to which they voluntarily submitted and which was approved by this Court, (3) that Defendants be specifically enjoined from pursuing their waived claims in this or any other court, (4) to award attorneys' fees and expenses pursuant to the Court's discretionary authority and 28 U.S.C. §1927 for Defendants' unnecessary multiplicity of actions which have caused unnecessary legal expenses for Plaintiffs, both in this Court and to defend the Williamson County action, and (5) that Defendants shall have ten (10) days from the date the Court enters its order requiring Defendants to pay the amounts due under the Settlement Agreement, with interest computed from the date the Court entered its original order, and enter such further order(s) to compel Defendants' compliance with the Court's order(s).

Respectfully submitted,

   */s/ Trevor W. Howell*
Trevor W. Howell, #9496
Attorney at Law
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN  37201
(615) 244-4994 (O)
thowell@gsrm.com


John L. Mays, Esq.
Mays & Kerr LLC
235 Peachtree Street NE, No. 202
Atlanta, GA  30303
(404) 410-7998
john@maysandkerr.com


*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2015, a copy of the foregoing *Plaintiffs' Reply To Defendants' Response In Opposition To Plaintiffs' Motion For Entry Of Final Judgment And Response To Defendants' Motion For Court To Decline Jurisdiction Of Claims Brought In Williamson County Circuit Court Or In The Alternative To Accept Jurisdiction And Allow The Claims As Counterclaims And Memorandum Of Law* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Trevor W. Howell, Esq.
The Pinnacle at Symphony Place
150 Third Avenue South, 17th Floor
Nashville, TN 37201
thowell@gsrm.com

John L. Mays, Esq.
Mays & Kerr, LLC
235 Peachtree Street NE, No. 202
Atlanta, GA 30303
(404) 410-7998
john@maysandkerr.com

Michael L. Russell, Esq.
Gilbert, Russell, McWherter, PLC
5409 Maryland Way, Suite 150
Brentwood, TN 37027
mrussell@gilbertfirm.com

Joshua L. Hunter, Esq.
104 Clydelan Court
Nashville, TN 37205
joshualewishunter@gmail.com

Brice M. Johnston, Esq.
Johnson Law Firm, P.C.
2100 First Avenue North, Suite 600
Birmingham, AL 35203
brice@johnstonfirmpc.com

Brandy M. Lee, Esq.
Lee Law Firm, LLC
2100 First Avenue North, Suite 600
Birmingham, AL 35203
brandy@leelawfirmllc.com

    */s/ Trevor W. Howell*
    Trevor W. Howell