IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA FAYE JONES, ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:12-cv-0203 |
| ) | Judge Nixon / Knowles |
| v. ) | |
| ) | Jury Demand |
| ELITE EMERGENCY SERVICES, LLC, ) | |
| SAMUEL C. CLEMMONS, and SHANNON ) | |
| CLEMMONS, Individually and d/b/a Elite ) | |
| Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Although the parties have submitted numerous filings related to the instant Motion, the issue before the Court is simply: Does this Court have the power to enforce its own Order explicitly retaining jurisdiction over this case until Defendants have rendered the agreed-upon payments in full, when the accepted Settlement Agreement provides for breach and enforcement proceedings to be brought in the Chancery Court of Davidson County, Tennessee?

As an initial matter, on September 26, 2013, the parties submitted a "Joint Notice of Settlement and Motion to Transfer Case to Administrative Docket" which states in part: "Because the settlement terms will not be fulfilled until all of the consideration is paid by Defendants and because the payment of said consideration will be made in installments over a seven (7) month period, it is moved that the trial date in this matter be indefinitely continued and that the case be transferred to the Court's Administrative Docket." Docket No. 130, p. 1. In an

Order entered September 27, 2013, Judge Nixon granted the parties' Joint Motion and administratively closed this case. Docket No. 131. That Order also stated: "The parties are **ORDERED** to file a proposed order of dismissal upon completion and execution of the terms of the Settlement Agreement." *Id.* (Capitalization and emphasis original.)

On December 17, 2013, the parties' signed Settlement Agreement was submitted under seal to this Court for approval. Docket No. 137. The Settlement Agreement was signed by all parties and reviewed by Judge Nixon. *See* Docket Nos. 137, 139. On March 28, 2014, Judge Nixon approved the Settlement Agreement at issue in this matter. Docket No. 139. Also on March 28, 2014, Judge Nixon issued a second Order explicitly clarifying:

> the above-styled action shall not be dismissed until the Court receives notice from Plaintiffs that Defendants have provided payment of all amounts due under the Settlement Agreement (Doc. No. 137). Accordingly, the Court **RETAINS** jurisdiction over the case, although the case shall remain administratively closed.

Docket No. 140. (Capitalization and emphasis original.)

As noted above, Defendants have not made the agreed-upon payments. Accordingly, there has been no "completion and execution of the terms of the Settlement Agreement"; the parties have not filed a proposed order of dismissal, and Judge Nixon has not dismissed this case. The instant action, therefore, remains administratively closed, but on the Court's administrative docket and under the jurisdiction of this Court. Because this case remains on the administrative docket, has not yet been dismissed, and remains under the jurisdiction of this Court, Judge Nixon's Order does not constitute a final judgment.

While the parties are free to include in their Settlement Agreement a breach of contract clause providing for enforcement in the Chancery Court of Davidson County, Tennessee, and

2

did, in fact, sign a Settlement Agreement that contained such a provision, knowing what clauses were in the Settlement Agreement, the parties nevertheless also jointly asked this Court to retain jurisdiction over this matter until the "completion and execution of the terms of the Settlement Agreement." Judge Nixon accepted the parties' request and entered an Order explicitly retaining jurisdiction over this case until "Defendants have provided payment of all amounts due under the Settlement Agreement."

It defies logic to think that this Court cannot enforce its own Order explicitly retaining jurisdiction, particularly given the fact that the Order was entered at the parties' joint request. In fact, the Sixth Circuit has repeatedly held that District Courts may retain jurisdiction to enforce settlement agreements until the parties have completed their obligations under the agreements. *See, e.g., Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir. 1976) (holding that federal courts have inherent powers to enforce agreements executed in settlement); *Futernick v. Sumpter Tp.*, 207 F.3d 305 (6th Cir. 2000) (finding jurisdiction where a district court amended its judgment "to provide for the court's retention of jurisdiction until completion of the parties' obligations under the settlement agreement").

In light of the foregoing, the undersigned recommends that Plaintiffs' "Motion for Entry of Final Judgment Against Defendants" (Docket No. 143) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

3

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

                                                            _____
                                                                   E. CLIFTON KNOWLES
                                                                   United States Magistrate Judge