IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA FAY JONES, ) | |
| KELLY DORRIS PENDERGRASS, and ) | |
| TIFFANY SHEA JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-cv-00203 |
| v. ) | Judge Crenshaw / Frensley |
| ) | |
| ELITE EMERGENCY SERVICES, LLC, ) | |
| and SAMUEL C. CLEMMONS and ) | |
| SHANNON CLEMMONS, Individually and ) | |
| d/b/a Elite Emergency Services, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants' "Motion to Reconsider Order Dated February 27, 2017." Docket No. 278. In their Motion, Defendants ask the undersigned to "reconsider and alter, amend and/or vacate its February 27, 2017 order denying discovery of Plaintiff Wanda Jones' bank records," and to "order production of [the] requested bank records prior to the evidentiary hearing on May [*sic*] 16, 2017." *Id.* Defendants assert that the discovery sought is "necessary because Plaintiffs continue to change their testimony," and they argue that this Court should reconsider its previous denial of that discovery request because:

> Plaintiffs have failed to show that the judgment in an earlier proceeding has become final. Plaintiffs have failed to set forth evidence of this element of collateral estoppel because Plaintiffs cannot show that the judgment in an earlier proceeding has become final because it has not. The litigation remains pending in the state court. No judgment has been entered, much less become final. The court may take judicial notice that the case is still pending.

*Id.*

A court can "take a second look" at a prior decision, but it is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or prior argument could have, with due diligence, been discovered and offered during the initial consideration of the issue. *See, e.g., Walker v. Conseco Services, LLC,* 252 F. Supp. 2d. 524, 527-28 (N.D. Ohio 2003); Fed. R. Civ. P. 60.

Although Defendants argue that the undersigned should reconsider his previous denial because Plaintiffs have failed to show that the judgment in an earlier proceeding has become final, the Court is aware that litigation remains pending in state court, but as the undersigned stated in his order denying Defendants' earlier discovery request, the judgment in the earlier proceeding has become final as to these discovery issues. Docket No. 263. While Defendants seek reconsideration, they fail to proffer any legal authority demonstrating that this Court's denial was erroneous. Additionally, the Court fully considered Defendants' earlier discovery request (Docket No. 213), and reached a reasoned determination in denying that request (Docket No. 263). The undersigned has already considered and rejected Defendants' request and the "Motion to Reconsider" fails to establish that this Court's previous denial should be "alter[ed], amend[ed] and/or vacate[d]"; Defendants' Motion is therefore DENIED.

IT IS SO ORDERED.

JEFFERY S. FRENSLEY
United States Magistrate Judge