IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA FAYE JONES, KELLY DORRIS PENDERGRASS, and TIFFANY SHEA JONES, <br><br> Plaintiffs, <br><br> v. <br><br> ELITE EMERGENCY SERVICES, LLC, and SAMUEL C. CLEMMONS, and SHANNON CLEMMONS, Individually and d/b/a Elite Emergency Services, LLC <br><br> Defendants. | Case No. 3:12-cv-0203 <br><br> CHIEF JUDGE CRENSHAW <br> MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Amended Motion for Relief from Settlement, pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 264.) On September 27, 2013, the parties settled this Fair Labor Standards Act case and the Honorable John T. Nixon moved the case to the administrative docket. (Doc. No. 131.) On March 28, 2014, Judge Nixon approved the settlement agreement (Doc. No. 139.) He did not dismiss the case, but kept it open to enforce the terms of the settlement agreement. (Doc. No. 140.) Two years later, and over Defendants' objections, Judge Nixon entered judgment. (Doc. No. 178.) Defendants now move to vacate that judgment, arguing that they agreed to settle the case based on Plaintiffs' fraud. (Doc. No. 264.)

1

On March 16, 2017, the Court held a hearing on Defendants' Motion. During the hearing, the parties engaged in extensive settlement talks, but Defendants' counsel averred to the Court that attorneys' fees were the "sticking point." (Doc. No. 298 at 120.) The Court therefore held in abeyance the Rule 60 motion for sixty days so that the parties could engage in further settlement discussions. (Doc. No. 297.) The parties were unable to settle the case. (Doc. No. 302.)

The Court may relieve a party from a final judgment in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Fraud is the "knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act at his or her detriment." Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 456 (6th Cir. 2008) (citing BLACKS LAW DICTIONARY 685 (8th Ed. 2004)). If the moving party could have discovered the allegedly-fraudulent information during discovery, the Court cannot grant it relief from judgment under Rule 60(b)(3). Id. at 457.

Defendants allege various acts of fraud. (Doc. No. 264 at 5-21.) However, Defendants should have known much of the information prior to trial, such as how Elite Emergency Services, LLC, paid its employees. (Doc. No. 264 at 5.) Defendants knew about the calendar regarding the number of hours Plaintiffs worked prior to trial, and when Plaintiffs claimed that the calendar fell under attorney-client privilege, Defendants should have filed a motion to compel under Rule 26. (Doc. No. 264 at 6; Doc. No. 298 at 16.) Defendants should not have signed the settlement agreement without the withheld documents about credit payments that Plaintiffs promised to disclose during mediation but never did. (Doc. No. 264 at 11.) And the remainder of the allegations do not appear to be relevant to a Fair Labor Standards Act claim. (Doc. No. 264 at 5-21.)

For the foregoing reasons, Defendants have not established fraud under Rule 60(b)(3), and their Motion for Relief (Doc. No. 264) is **DENIED.** Plaintiffs' Motion to Enforce Judgment (Doc. No. 303) is **DENIED AS MOOT.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE