UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WANDA FAYE JONES, KELLY | ) | |
|---|---|---|
| DORRIS PENDERGRASS, and | ) | |
| TIFFANY SHEA JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:12-cv-0203 |
| v. | ) | CHIEF JUDGE CRENSHAW |
| | ) | |
| ELITE EMERGENCY SERVICES, | ) | |
| LLC, AND SAMUEL C. CLEMMONS, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

Pending before the Court are Plaintiffs' Motion for Pre-Judgment Interest (Doc. No. 315) and Plaintiffs' Motion for Attorneys' Fees, Expenses and Costs (Doc. No. 318). For the reasons stated herein, Plaintiffs' Motion for Pre-Judgment Interest will be denied, and Plaintiffs' Motion for Attorneys' Fees, Expenses and Costs will be granted in part, as explained in and subject to the reasons herein.

BACKGROUND

This action has a long and especially contentious history. The case was filed, pursuant to the Fair Labor Standards Act ("FLSA"), by former employees of Defendant Elite Emergency Services, LLC. On December 18, 2013, the Court approved the parties' proposed Settlement Agreement (Doc. No. 138). The Court held that the case would not be dismissed until the Court received notice from Plaintiffs that Defendants provided payment of all amounts due under the Settlement Agreement (Doc. No. 140). The Court expressly retained jurisdiction over the case, although the case was administratively closed. (Id.)

On July 31, 2014, Plaintiffs filed a Motion for Entry of Final Judgment (Doc. No. 143), in which Plaintiffs alleged that Defendants had failed to make the payments required by the Settlement Agreement. Plaintiffs asked the Court to enter a final judgment against the Defendants for which execution could issue, if necessary. (Id.) The Motion for Entry of Final Judgment was referred to the Magistrate Judge for a Report and Recommendation (Doc. No. 156). After several supplemental filings, the Magistrate Judge recommended that Plaintiffs' Motion for Entry of Final Judgment be granted (Doc. No. 166). In their Objection to the recommendation of the Magistrate Judge, Defendants argued that the Settlement Agreement had been induced by Plaintiffs' fraud, and they sought relief from the Court's earlier Order approving the settlement. After numerous additional filings, the Court adopted and approved the Report and Recommendation and granted Plaintiffs' Motion for Entry of Final Judgment (Doc. No. 178). As part of that Order, the Court denied Defendants' request for relief from the earlier Order approving the settlement. (Id.)

Nonetheless, Defendants filed a Rule 60(b) Motion for Relief and Motion to Set Aside Settlement (Doc. No. 179), accompanied by 819 pages of supporting documents (Doc. No. 182). Following a myriad of additional documents from both sides, the case was transferred to the undersigned (Doc. No. 207). The Court set an evidentiary hearing on Defendants' Motion, before which the parties filed an extraordinary number of motions, including an amended Motion for Relief from Order and to Set Aside Settlement (Doc. No. 264), asking the Court to set aside the settlement based upon "newly discovered evidence" of fraud. See generally Doc. Nos. 209-296. The hearing took place on March 16, 2017, and on March 21, 2017, this Court entered an Order referring the matter to the Magistrate Judge for alternative dispute resolution (Doc. No. 297). In that Order, the Court agreed to refrain from ruling on Defendants' Motion for Relief under Rule 60 for sixty days.

(*Id*.) The alternative dispute resolution process was not successful (Doc. No. 302). Even though the Court had not yet ruled on Defendants' Motion, Plaintiffs filed yet another Motion for Entry and Enforcement of Final Judgment against Defendants (Doc. No. 303). By Order dated July 24, 2017, the Court denied Defendants' Amended Motion for Relief, finding that Defendants had not established fraud under Rule 60, and denied Plaintiffs' Motion to Enforce Judgment as moot (Doc. No. 311). Plaintiffs have now moved for pre-judgment interest, attorneys' fees, expenses and costs.

THE SETTLEMENT AGREEMENT

The parties' Settlement Agreement provides, among other things, that Defendants will pay to Plaintiffs $125,000, $60,000 of which would be for attorneys' fees. (Doc. No. 137 at ¶ 3). It further provides that, upon complete satisfaction of all obligations required in paragraph 3, Plaintiffs' attorneys' fees and costs will be completely satisfied and Plaintiffs will make no further claim of either attorneys' fees or expenses whatsoever with the exception of any fees and expenses contemplated and set forth in paragraph 11. (Id. at ¶ 7). Paragraph 11 states:

> In the event any party breaches the terms of this Agreement, the non-breaching party shall be entitled to reasonable attorneys' fees, costs, and litigation expenses for any legal action resulting from said breach. These attorneys' fees, costs, and litigation expenses shall be in addition to any other legal or equitable remedy available. The proper venue for any legal action resulting from a breach of this Agreement shall be the Chancery Court of Davidson County, Tennessee.

(Doc. No. 137 at ¶ 11).

PREJUDGMENT INTEREST

Plaintiffs ask the Court for prejudgment interest, computed at 10% per annum, on the $125,000.00 judgment awarded them on March 2, 2016 (Doc. No. 178). Plaintiffs seek prejudgment interest calculated from the Court's March 28, 2014 Order approving the Settlement Agreement (Doc. No. 140) until the Court's March 2, 2016 Order (Doc. No. 178) granting judgment against

3

Defendants. The Settlement Agreement makes no mention of pre-judgment interest. Plaintiffs argue that interest should be awarded to them because of Defendants' breach of the Settlement Agreement. This Court has never held that Defendants breached the Settlement Agreement, however. Indeed, Plaintiffs did not allege a claim against Defendants for breach of the Settlement Agreement. When Defendants failed to pay as promised under the Settlement Agreement, Plaintiffs sought an award of Final Judgment to enforce the Settlement Agreement against the Defendants in this FLSA action, not an award for breach of contract.

An award of pre-judgment interest is within the trial court's discretion. Bennett v. Highland Graphics, Inc., 2017 WL 4512470 at * 5 (M.D. Tenn. Oct. 10, 2017). Equity is the guiding principle for exercising that discretion: "Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case." Id. (quoting Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998)). The purpose of awarding prejudgment interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing. Id.; Amsurg Glendale, Inc. v. Glendale Surgery Partners, 2017 WL 5749670 at * 5 (M.D. Tenn. March 22, 2017) (also citing Myint).

In this case, Defendants challenged the Settlement Agreement, after it was approved, based upon allegedly new information concerning alleged fraud in the Settlement Agreement's inducement. This Court held that Defendants failed to establish fraud under Rule 60(b)(3) (Doc. No. 311 at 3). This Court did *not* hold, as argued by Plaintiffs, that Defendants' fraud claims were "devoid of any factual or legal basis." (See Doc. No. 319 at 4).

The Court, in its discretion, finds that no prejudgment interest is warranted under the circumstances of this case. There has been no finding of FLSA (or any other) liability on the part

4

of Defendants. Plaintiffs are equally "at fault" for the reams of paper filed in this action and the contentious nature of the litigation. See, e.g., Transcript of Hearing (Doc. No. 298) at 117 ("I've got some real concern that this case may have been overlawyered on both sides.") Plaintiffs' Motion for Prejudgment Interest will be denied.

Attorneys' Fees, Expenses and Costs

Plaintiffs seek attorneys' fees, expenses and costs based upon Fed. R. Civ. P. 54(d)(1) and (2), 28 U.S.C. § 1927, and paragraph 11 of the Settlement Agreement. Paragraph 11 applies if a party breaches the Settlement Agreement and, as indicated above, there has been no finding that Defendants breached the Settlement Agreement.

28 U.S.C. § 1927 provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. No court has found, and this Court specifically declines to find, that Defendants' counsel is guilty of such misconduct. As noted, the litigiousness of this case is a result of the behavior of both sides.

Finally, Rule 54 (d)(1) provides that costs other than attorney's fees should be allowed to a prevailing party. This case was settled; there is no prevailing party, except that Plaintiffs "prevailed" on Defendants' challenge to the Settlement Agreement. Rule 54(d)(2) concerns the process, timing and contents of filing a motion for attorneys' fees.

A reasonable attorney fee is calculated by the "lodestar method." The Northeast Ohio Coalition for the Homeless v. Husted, 831 F.3d 686, 702 (6th Cir. 2016). The "lodestar" is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. Fee applicants must exercise billing judgment, and the Court may exclude hours that were not

5

"reasonably expended." Id. The district court has discretion in determining the amount of a fee award. Hensley v. Eckerhart, 103 S.Ct. 1933, 1941 (1983).

Plaintiffs argue numerous "Factual Conclusions" in support of the request for fees (Doc. No. 319).[1] Yet most of these "Factual Conclusions" are just that, *conclusions*. Moreover, the insinuations from these "facts" are speculative and have not been found by any court.

The Court finds that Plaintiffs are entitled to limited attorneys' fees, expenses and costs for defending against Defendants' Motions for Relief from the Settlement Agreement *in this Court*. Plaintiffs are not entitled to any fees or expenses related to any state court action. The referenced state court actions are wholly separate from this case. Any request for fees in the state court matters must be addressed to those courts. Here, Plaintiffs' counsel are directed to revise their fees, expenses and costs requests to delete *all* entries (time entries and expenses) pertaining to the state court matters. If the entries involved *both* this case and the state court matters, the entries shall be divided 50-50.[2]

The district court also has broad discretion in determining a reasonable hourly rate for an attorney. Northeast Ohio Coalition, 831 F.3d at 715. To determine a reasonable hourly rate, courts use as a guideline the prevailing market rate[3] within the venue of the court of record. Id. While the district court may take into consideration an attorney's skill level in identifying the market rate, the

---

[1] Indeed, these "Factual Conclusions" are presented in all capital letters, as if to emphasize their importance.

[2] Counsel may expect the Court to look unfavorably upon duplicative entries and entries that involve excessive time or unnecessary tasks.

[3] Prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. Northeast Ohio Coaltion, 831 F.3d at 715.

Sixth Circuit holds that "reasonable" fees need not be "liberal" fees and that such fees are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region. Id. at 716.

Plaintiffs' counsel are directed to adjust their hourly rates as follows: Both Trevor Howell and Taylor Harris shall be awarded fees at the hourly rate of $350, not $500. This case was not a complicated, complex action.[4] These revised rates are more in line with hourly rates approved by this and other courts under similar circumstances.[5] None of the attorneys who filed Affidavits in support of Plaintiffs' fee request stated that a court in the Middle Tennessee area had awarded him $500 per hour. Neither did these attorneys compare the complexity or result of the cases in which attorneys' fees were $500 per hour with the complexity or result of this case.

Plaintiffs shall prepare and submit, by March 28, 2018, a revised Motion for Attorneys' Fees, Expenses and Costs, in accordance with this Memorandum Opinion. Defendants may file a Response to Plaintiffs' Motion by April 6, 2018. There shall be no other filings without Court approval.

---

[4] One of the Affidavits filed in support of Plaintiffs' counsel's hourly rate indicates that the Affiant is "aware of the experience and quality of work necessary in complex FLSA and complex tort/contract actions" and opines that the hourly rates in this case are justified and reasonable (Doc. No. 319-4 at ¶ 5). This case is not a complex FLSA case or a complex tort/contract action.

[5] See, e.g., Butcher v. Bryson, 2014 WL 4385876 at * 6 (M.D. Tenn. Sept. 5, 2014) (hourly rates of $375 and $200 per hour found appropriate and reasonable); Carty v. Metropolitan Life Ins. Co., 2017 WL 660680 at * 7 (M.D. Tenn. Feb. 17, 2017) (and numerous cases cited therein); and Regions Bank v. Gateway Housing Foundation, 2017 WL 3499204 (M.D. Tenn. Aug. 16, 2017).

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE