# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WANDA FAYE JONES, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:12-cv-00203 ) |
| ELITE EMERGENCY SERVICES LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Sixth Circuit's decision affirming in part and vacating in part this Court's denial of prejudgment interest and reduction of Plaintiff's attorneys' fees. (Doc. No. 380 at 2.) In its opinion, the Sixth Circuit panel explains that, in an order dated May 7, 2018 (Doc. No. 355), this Court: (1) refused to consider several miscellaneous motions filed by Plaintiffs because they were filed in blatant disregard of the Court's prior order limiting such motions; and (2) awarded the Plaintiffs' attorneys only the fees and costs that Defendants agreed were appropriate, which amounted to approximately $94,000 in fees and no costs. (Doc. No. 380 at 4.) Plaintiffs appealed this Order. (See Doc. No. 357.) The Sixth Circuit affirmed this Court's Order in nearly all respects but noted that the Order did not make clear whether the Court reduced the fee award as a sanction, given the Plaintiffs' blatant disregard for the Court's prior order, or whether the reduced award reflected the Court's judgment as to the amount of a reasonable fee. (Id. at 5.) Thus, the Sixth Circuit remanded the case to this Court to specify which, if any, of these factors were the basis for the decision. (Id. at 6.)

As background, the parties' Settlement Agreement provided, among other things, that Defendants would pay to Plaintiffs $125,000 of which $60,000 would be for attorneys' fees. (Doc.

No. 137 at 3). It further provided that, upon complete satisfaction of all obligations required in paragraph 3, Plaintiffs' attorneys' fees and costs would be completely satisfied, and Plaintiffs would make no further claim of either attorneys' fees or expenses whatsoever with the exception of any fees and expenses contemplated and set forth in paragraph 11. (Id.) Paragraph 11 stated:

> In the event any party breaches the terms of this Agreement, the non-breaching party shall be entitled to reasonable attorneys' fees, costs, and litigation expenses for any legal action resulting from said breach. These attorneys' fees, costs, and litigation expenses shall be in addition to any other legal or equitable remedy available. The proper venue for any legal action resulting from a breach of this Agreement shall be the Chancery Court of Davidson County, Tennessee.

(Doc. No. 137 at 4.) Subsequently, Defendants attempted to invalidate the Settlement Agreement through litigation at the state level and in this Court through two Federal Rule Civil Procedure 60 motions, Plaintiffs responded in opposition, and, ultimately, this Court determined that: (1) the Settlement Agreement remained valid; and (2) Plaintiffs' attorneys were entitled to fees related to their efforts to defend the Settlement Agreement in this Court. (See Doc. No. 348 at 2-3.)

In reexamining the prior Order, the Court acknowledges that it did not fully delineate the basis for its ruling. In the prior Order, the Court noted that Plaintiffs' Revised Motion for Attorneys' Fees, Expenses, and Costs (Doc. No. 350) was essentially a "Motion to Reconsider many of the Court's prior rulings." (Doc. No. 355 at 2.) In any event, setting aside these reconsideration arguments, the Court explained that Defendants objected to Plaintiffs' attorneys' revised time entries and expenses, but ultimately agreed to pay $56,564.38 in fees to Mr. Howell and $37,992.50 in fees to Mr. Harris. (Id.) The Court concluded that, in light of Plaintiffs' blatant disregard of and failure to comply with the Court's previous Order (barring Plaintiffs from filing the miscellaneous motions that they nonetheless filed), an award to Plaintiffs' counsel of only those agreed-upon amounts was appropriate. (Id.)

The Court now clarifies that the reduced $94,000 fee amount represents the Court's judgment as to the amount of a reasonable fee. A reasonable attorney fee is calculated by the lodestar method. See Blum v. Stenson, 465 U.S. 886, 888 (1984); The Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686, 702 (6th Cir. 2016). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The award-seeking party should submit evidence of the hours worked and the rates sought. Id. If "documentation of hours is inadequate, the district court may reduce the award accordingly." Id. In determining hours, a court must "exclude from this initial fee calculation hours that were not 'reasonably expended.'" Id. at 434 (quoting S.Rep. No. 94–1011, p. 6 (1976)). That is, fee applicants must exercise "billing judgment." Id. Counsel are expected to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id.

The award of attorneys' fees lies within the sound discretion of the district court. Smillie v. Park Chem. Co., 710 F.2d 271, 275 (6th Cir. 1983) (citing Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir.1974)). The ultimate task for the district court is to ensure that counsel is fairly compensated for the amount of work performed and the results achieved. Rawlings v. Prudential-Bache Props., Inc., 9 F.3d 513, 516 (6th Cir. 1993). Moreover, the district court must determine the reasonableness of the fee request considering the particular circumstances of the litigation. Rawlings, 9 F.3d at 516; Smillie, 710 F.2d at 275.

The Court expressly limited Plaintiffs' attorneys' fees, expenses and costs to those that were incurred in opposing Defendants' Rule 60 motions. (Doc. No. 348 at 6.) In reviewing the submitted time logs from Plaintiffs' counsel (Doc. Nos. 350-1, 350-2) and Defendants' objections

and revisions to those logs (Doc. Nos. 352-1, 352-2), the Court agrees with the Defendants' objections and fee calculations. Defendants have accurately isolated those time entries that actually comply with the Court's prior Order to limit such fees to those incurred in litigating the Rule 60(b) motions. From the Court's review, it appears that Mr. Howell spent 161.61 hours in defending the Rule 60(b) motions and Mr. Harris spent 108.55 hours. (See Doc. Nos. 350-1, 350-2.) Taking these hours and multiplying by the $350.00 hourly rate previously set by the Court, Mr. Howell is entitled to $56,564.38 and Mr. Harris is entitled to $37,992.50. Henlsey, 461 U.S. at 433.

To the extent that Plaintiffs' counsel asserts that more time was spent in defense of these motions, the documentation of those hours is simply lacking. On the record before the Court, it is not clear that those hours were spent working on the Rule 60(b) defense and are otherwise unreasonable because they are excessive. The Court is entitled to reduce the award accordingly. Id. at 434. Moreover, the Court notes that the reduced fee award is reasonable even in light of the Plaintiffs' revised request, which the Sixth Circuit noted, and the Court finds, "plainly excessive." (Doc. No. 380 at 4.) Put simply, rather than engage in a good-faith effort to pare its fee request to those efforts that were directly related to defending against the Rule 60 motions, Plaintiffs' attorneys have favored a kitchen-sink approach, including fees that, even when cursorily examined, are not connected to the defense of those motions. No matter, the Court, with assistance from the Defendants, have done the work for them.

On remand, Plaintiffs are **AWARDED** attorneys' fees in the total amount of $94,556.88 ($56,564.38 to Mr. Howell and $37,992.50 to Mr. Harris) for work related to opposing Defendants' "Motion for Relief from the Settlement Agreement." This reduced fee award represents the Court's judgment as to the amount of a reasonable fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE